IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBIE SMITH,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:23-cv-292 |
| ) | |
| v. ) | JURY TRIAL REQUESTED |
| ) | |
| **WALMART, INC. d/b/a WALMART** ) | |
| **SUPERCENTER #853,** ) | |
| ) | |
| Defendant. | |

# COMPLAINT

**COMES NOW** the Plaintiff, Bobbie Smith, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

## I. JURISDICTION & VENUE

1. Plaintiff Bobbie Smith files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq.*, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Bobbie Smith filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission in Birmingham, Alabama on April 26, 2023. Plaintiff was issued a "Determination and Notice of Rights" by the EEOC on May

5, 2023.  (Exhibit A).  Plaintiff received this Notice on May 7, 2023, giving Plaintiff the right to pursue this claim in federal court for ninety (90) days after said receipt.

3. Venue is proper in the Southern Division of the Southern District of Alabama, since the alleged discriminating actions of Defendant occurred in Mobile County, Alabama.

## II.  PARTIES

4. The named Plaintiff, Bobbie Smith (hereinafter "Plaintiff" or "Ms. Smith"), is a citizen of the United States and a resident of Mobile County, Alabama.  Plaintiff is over the age of nineteen years.

5. The Defendant, Walmart Inc. d/b/a Walmart Supercenter #853 (hereinafter "Defendant" or "Walmart"), is a department store located in Mobile County, Alabama.  At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.  STATEMENT OF FACTS

6. Ms. Smith is a qualified individual with a disability as defined by the ADA.

7. Ms. Smith began working at Walmart on or about June 4, 2004, as a Deli Associate and, during her nearly two (2) decades of employment, worked her way up to the position of Store Manager.

8. On or about October 15, 2020, during a meeting in Ms. Smith's office, Willy Santizo, Market Manager, had a discussion with the management team regarding getting rid of associates who were on leave of absences or intermittent leaves of absence because of disabilities.  Mr. Santizo stated that management should watch these employees closely to find a reason to terminate them that didn't concern leave of absences or disabilities.  Mr. Santizo then suggested that the team could instead

terminate these employees for productivity or theft and stated that he would terminate any store manager that didn't come to work because they were "claiming a disability".

9. On or about December 7, 2021, Ms. Smith went on a medical leave of absence using FMLA leave and medical leave. Ms. Smith remained on medical leave until on or about December 5, 2022.

10. On or about December 7, 2022, Ms. Smith received a letter from Walmart informing her that her leave of absence was set to expire on December 5, 2022. The letter requested Ms. Smith contact Walmart immediately to discuss her return to work or discuss other options available to her. The letter also stated that Ms. Smith may be terminated if she failed to take action within three (3) days of her receipt of the letter.

11. Additionally, per Walmart's "Leave Exhaust and Closure" document mailed to Ms. Smith, at the completion of an employees' leave of absence, Ms. Smith was permitted to discuss options with her supervisor regarding extending her leave as a reasonable accommodation.

12. On December 8, 2022, Ms. Smith sent a text message to Mr. Santizo, Market Manager, informing him that she had received the December 7, 2022, letter, and to request a personal leave of absence due to her medical condition.

13. On December 9, 2022, Ms. Smith emailed Mr. Santizo and Joe Panza, HR Representative, regarding the December 7, 2022, letter. In her email, Ms. Smith informed Mr. Santizo and Mr. Panza that she had contacted them the day before regarding the letter and again requested a personal leave of absence for her illness. Neither Mr. Santizo nor Mr. Panza responded to Ms. Smith's request or acknowledged her email or text.

14. On December 15, 2022, Ms. Smith received an email from Mr. Santizo stating that Ms. Smith had engaged in "fraudulent activity, obstruction of an investigation, and financial integrity violations." However, Mr. Santizo did not provide any specific information regarding the allegations. Nonetheless, Mr. Santizo proceeded to inform Ms. Smith that she was being terminated immediately for "gross misconduct" despite Ms. Smith being on a medical leave of absence for the preceding year.

15. Based on the foregoing, Ms. Smith was subjected to illegal discrimination based on her disability and denied a reasonable accommodation, in violation of the ADA. Ms. Smith was also subjected to illegal retaliation, in violation of the FMLA, when she was terminated. Any other reason proffered by Walmart for Ms. Smith's termination is pretextual.

16. A convincing mosaic of evidence exists to demonstrate that Ms. Smith was subjected to intentional discrimination and retaliation by Walmart when it terminated her from her position of employment with the company. Further, Ms. Smith's protected activity motivated Walmart's decision to terminate her from her employment. Walmart would not have terminated Ms. Smith but for her disability and/or her engaging in protected activity under the ADA and FMLA.

17. As a result of Walmart's actions, Ms. Smith has lost wages and benefits and incurred costs and attorney's fees. Ms. Smith has also suffered severe mental and emotional distress.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - DISABILITY DISCRIMINATION UNDER THE ADA

18. Plaintiff realleges incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusively.

19. Plaintiff is disabled pursuant to the ADA, in that she suffers a mental impairment substantially limiting one or more major life activities.

20. Plaintiff avers that Defendant's discrimination against her, due to her disability, violated the ADA.

21. Plaintiff has lost wages and benefits and suffered extreme mental anguish as a result of Defendant's actions.

22. Plaintiff avers that she has pursued and exhausted her administrative remedies.

### COUNT TWO – DENIAL OF A RESONABLE ACCOMODATION UNDER THE ADA

23. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusively.

24. Plaintiff avers that she requested a reasonable accommodation from Defendant because of her disability.

25. Defendant denied Plaintiff Smith's request for a reasonable accommodation, in violation of the ADA.

26. Plaintiff has lost wages and benefits and suffered extreme mental anguish as a result of Defendant's actions.

27. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## COUNT THREE – FMLA RETALIATION

28. Plaintiff realleges incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusively.

29. Plaintiff avers that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

30. Plaintiff Smith avers that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), because of the seriousness of Plaintiff's health condition, which was well known by the Defendant, and that Plaintiff Smith was terminated, in retaliation, for taking leave, as prescribed by the FMLA.

31. As a result of Defendant's retaliation against Plaintiff Smith for exercising her rights under the FMLA, Plaintiff Smith lost her job with Walmart and has incurred a loss of wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to her disability and denied a reasonable accommodation, in violation of the ADA;

b) Judgement declaring that Defendant retaliated against Plaintiff for taking protected leave, in violation of the FMLA;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e) An award of liquidated damages equal to Plaintiff's lost compensation plus interest, for violating the FMLA;

f) An award of punitive damages; and

g) Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 31st day of July 2023.

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

OF COUNSEL:
**HKM EMPLOYMENT ATTORNEYS LLP**
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
cestes@hkm.com